Argued and submitted September 21, 1992, affirmed June 9, reconsideration denied August 11, petition for review denied October 26, 1993 (318 Or 25)

PACIFIC NORTHWEST BELL
TELEPHONE COMPANY,
dba U S West Communications, Inc.,
*Appellant,*

*v.*

Myron B. KATZ
and Ron Eachus,
*Respondents.*

(90C-12269; CA A71320)

853 P2d 1346

Charles L. Best, Portland, argued the cause and filed the briefs for appellant.

Keith L. Kutler, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Pacific Northwest Bell Telephone Company (PNB) appeals from a judgment of the circuit court upholding the Public Utility Commission's (PUC) orders 89-1274 and 90-1457. In order 89-1274, PUC concluded that it has jurisdiction over Address Telephone Directories (ATDs) and Business and Customer Lists (BCLs).[1] In order 90-1457 PUC denied PNB's petition to abandon its production of ATDs and BCLs. PNB makes several assignments of error, but essentially argues that PUC's assertion of jurisdiction over ATDs and BCLs is in error, because those services are not "telecommunications services" as defined by ORS 759.005(2)(g). We affirm.

On January 6, 1989, PNB filed with PUC a notice of intent to abandon production of ATDs and BCLs (Notice of Intent to Abandon Service). OAR 860-32-020. PUC initiated an investigation and, at a prehearing conference, PNB questioned PUC's jurisdiction over ATDs and BCLs. PUC bifurcated the proceedings and conducted a hearing on the jurisdictional question first, reserving the merits of PNB's petition for later.

On September 29, 1989, PUC issued order 89-1274, in which it concluded that it had jurisdiction over ATDs and BCLs. After a hearing on the merits of PNB's petition, PUC issued order 90-1475, denying the petition because it considered the proposed abandonment a "sham." PUC concluded that PNB did not intend to abandon production of ATDs and BCLs but rather that PNB was attempting to spin off a revenue-producing activity to a non-regulated affiliate in order to reduce its revenue base and justify higher rates to the consumers. PNB sought review of that order in the circuit court. That court agreed with PNB that ATDs and BCLs are not "telecommunications services" as defined in ORS 759.005(2)(g). However, the court ruled that PUC did have regulatory authority over ATDs and BCLs based on its general powers in ORS 756.040. PNB appeals.

---

[1] ATDs are also known as reverse directories. They contain subscriber names, addresses and telephone numbers listed by street address and telephone number rather than by surname. BCLs provide name, address and telephone number information sorted by zip code, area code and prefix. BCLs are designed for use as marketing tools.

■ We review PUC's order directly. ORS 756.598; *Pacific Northwest Bell Telephone Co. v. Katz*, 116 Or App 302, 841 P2d 652 (1992). We may not substitute our judgment for that of PUC as to any findings of fact that are supported by substantial evidence in the record. We will uphold PUC's order if there is a rational relationship between the facts and PUC's legal conclusions, and if PUC has made sufficient findings and conclusions from which we may determine that the reasoning is rational and that PUC has acted within its grant of authority. 116 Or App at 305.

■ PUC based its finding of jurisdiction over ATDs and BCLs on ORS 757.480, which requires a public utility to obtain PUC approval before disposing of property that is "necessary or useful in the performance of [the utility's] duties to the public."[2] PUC also concluded that it has jurisdiction over ATDs and BCLs, because they are within the scope of the definition of "telecommunications service[s]," as modified by the general definition of "services." ORS 759.005 (2)(g);[3] ORS 756.010(12).[4] We need not decide whether the

---

[2] In order 89-1274, PUC also cites ORS 756.515 as providing a basis for its authority over the ATDs and BCLs. That statute authorizes PUC to conduct investigations into matters within its jurisdiction and to issue findings and orders "justified or required by the results of such investigations." ORS 756.515(4). ORS 756.515(6) provides:

"[I]f the commission receives a request for hearing * * * the order is suspended pending the outcome of the hearing unless the commission finds that the order is necessary for the public health or safety or *to prevent the dissipation of assets of a business or activity subject to the commission's regulatory jurisdiciton.*" (Emphasis supplied.)

The emphasized language merely refers to circumstances in which a PUC order is not suspended pending the outcome of a hearing. It does not authorize PUC to regulate the dissipation of assets of a public utility. That power is found elsewhere in the statutes. *E.g.*, ORS 759.375.

[3] ORS 759.005(2)(g) provides:

" 'Telecommunications service' means two-way switched access and transport of voice communications * * *."

[4] ORS 756.010 provides, in part:

"As used in ORS chapters 756, 757, 758, 759, 760, 763, 764, 767 and 773, except as otherwise specifically provided or unless the context requires otherwise [the following definitions apply]:

"* * * * *

"(12) 'Service' is used in its broadest and most inclusive sense and includes equipment and facilities related to providing the service or the product served." ORS 756.010.

second basis for jurisdiction is valid, because we find sufficient grounds for PUC jurisdiction in ORS 759.375, which is the telecommuications counterpart to ORS 756.480 cited above.

■    ORS 759.375(1)(a) uses the same language as ORS 756.480 and provides:

> "(1)   No telecommunications utility doing business in Oregon shall, without first obtaining the commission's approval of such transaction:
>
> "(a)   Sell, lease, assign or otherwise dispose of the whole of the property of such telecommunications utility necessary or useful in the performance of its duties to the public or any part thereof of a value in excess of $10,000 * * *."

In its order 90-1457, PUC found that allowing the petition would result in PNB disposing of property that is "necessary or useful in the performance of [PNB's] duties to the public." PNB argues that, although it is under a duty to provide telecommunications services, ATDs and BCLs are neither necessary nor useful in its performance of that duty. Whether or not that statement is correct, PNB ignores the fact that, as a regulated utility, it has a duty to ensure that

> "the charges made * * * for any service rendered or to be rendered * * * shall be reasonable and just * * *." ORS 759.035.

In its order, PUC reasoned that, because ATDs and BCLs are revenue-producing activities, they help satisfy PNB's revenue requirement, which otherwise would have to be met by increased rates to customers. In that context, ATDs and BCLs are "necessary or useful" to PNB's performance of its duty to charge only "reasonable and just" rates. That reasoning is convincing, especially in light of the stated goals of the telecommunications statutes:

> "The Legislative Assembly finds and declares that it is the goal of the State of Oregon *to secure and maintain high-quality universal telecommunications service at just and reasonable rates for all classes of customers* and to encourage innovation within the industry by a balanced program of regulation and competition. The commission shall administer the statutes with respect to telecommunications rates and services in accordance with this policy." ORS 759.015. (Emphasis supplied.)

Other statutes give PUC both authority and various mechanisms to ensure that consumers are charged "reasonable and just" rates. *E.g.*, ORS 756.040; ORS 759.030. The utility statutes in general reflect a legislative scheme in which PUC exercises broad powers to protect consumer interests. We see no reason to narrow that scheme here.

■ PNB argues that, not only are ATDs and BCLs not "necessary or useful" in the performance of its duties, but they are not even property and so they cannot be within PUC's authority under ORS 759.375. ATDs and BCLs are derived from customer lists. While PNB neither concedes nor resists the conclusion that its customer lists are property, it does argue that the exploitation of those lists is merely a business opportunity and not property. By exploiting its customer lists, which arise directly from providing telecommunications services to the consumers whose names and addresses make up those lists, PNB has enhanced the value of that property. PNB, in its petition to abandon, seeks to redirect the benefit of that value-enhanced property to a non-regulated affiliate. Under those circumstances, we find PNB's argument that ATDs and BCLs are not property and not subject to ORS 759.375 unpersuasive.

■ PNB next argues that PUC's findings in order 90-1457 are not supported by substantial evidence. We disagree. Although there was *conflicting* evidence on the profitability of PNB's ATDs and BCLs, it is clear from its order that PUC considered the evidence indicating that ATDs and BCLs are revenue-producing activities for PNB more credible and persuasive.

PNB's remaining assignments do not merit discussion.

Affirmed.